# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY BARTHE AS THE SUCCESSOR TO THE RIGHTS OF RUTH WELCKER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-182** |
| **MUTUAL OF OMAHA INSURANCE COMPANY** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Settlement (Doc. #85) is **DENIED**.

## BACKGROUND

This matter is before the court on plaintiff's motion to enforce an alleged settlement agreement. Plaintiff, Terry Barthe, argues that the parties entered into a binding settlement agreement after this court dismissed the majority of her claims in ruling on defendant's motion for summary judgment. Defendant, Mutual of Omaha Insurance Company ("MOIC"), argues that there was no valid settlement agreement.

Barthe, was the goddaughter of Ruth Welcker and is the beneficiary of Welcker's estate. In 2009, Welcker obtained a long-term care insurance policy from MOIC, and continued to pay the premiums until her death on January 29, 2016. In April 2012, Barthe employed God's Angels Sitting Service to provide in-home care to Welcker. In January 2014, almost two years after God's Angels began providing services to Welcker, Barthe mailed claim forms to MOIC seeking reimbursement for God's Angels' bills. MOIC received the claim packet on January 29, 2014.

In the months that followed, MOIC requested documentation pertaining to the claim related to God's Angels' services, including a copy of God's Angels' home health agency license. MOIC did

not receive the requested paperwork. On August 21, 2014, MOIC denied Welcker's claim for God's Angels' bills, explaining that God's Angels' services were not covered because it did not meet the insurance policy's definition of "Home Health Care Agency."

On December 6, 2016, Barthe filed this action against MOIC in the Civil District Court, Parish of Orleans, State of Louisiana alleging breach of contract and bad faith claims related to MOIC's failure to pay Welcker's claim for services rendered by God's Angels, and seeking reimbursement for the amount Welcker paid God's Angels, bad faith penalties, punitive damages and attorneys' fees. The amended complaints also made claims related to MOIC's calculation of the policy's elimination period and MOIC's alleged failure to pay other claims made under the policy. MOIC removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are citizens of different states and there is more than $75,000 in controversy.

On May 11, 2018, MOIC filed a motion for summary judgment arguing that Barthe's causes of action related to its denial of Welcker's claim for reimbursement for services rendered by God's Angels must be dismissed because the claim was properly denied as God's Angels does not meet the insurance policy's definition of a home health care agency. This court took the motion under consideration on May 30, 2018.

On June 8, 2018, at 9:25 a.m., with the uncertainty of the resolution of the pending motion for summary judgment, MOIC extended a settlement offer to Barthe.

2

On June 11, 2018, at 5:06 p.m, this court issued its ruling on MOIC's motion for summary judgment, dismissing Barthe's causes of action related MOIC's failure to pay for God's Angels' services, including Barthe's associated bad faith causes of action.[1]

Fifteen minutes later, at 5:21 p.m. on June 11, 2018, plaintiff's counsel, Caleb Didriksen and Erin Saucier, called defense counsel, Thomas Lohen, on his cellular telephone and stated that Barthe accepted the settlement offer that MOIC made on June 8, 2018. Lohen told Didriksen and Saucier that, in light of this court's ruling on MOIC's motion for summary judgment, he had to advise MOIC of the ruling and inquire as to its position regarding the settlement offer that was made while the motion was pending. Because it was after the close of business, Lohen told Didriksen and Saucier that he would speak with his client in the morning and get back with them.

At 9:15 a.m. on June 12, 2018, Saucier sent an email to Lohen stating "[p]lease let this email confirm what you and Caleb discussed last evening: that our client has authorized us to accept your last offer in full and final settlement of this matter."

Three minutes later, Lohen replied to Saucier stating "[a]s I told you and Caleb yesterday afternoon AFTER the Judge ruled, I will have to discuss this ruling with my client and I will get back with you relative to our decision."

At 12:55 p.m. on June 12, 2018, Lohen informed Didriksen and Saucier that he had discussed the court's ruling with MOIC, and MOIC withdrew the settlement offer made on June 8, 2018. Lohen extended a settlement offer for a lesser amount.

---

[1] On July 9, 2018, Barthe filed a motion for new trial on this court's June 11, 2018, Order and Reasons. Barthe argues that a new trial is warranted because God's Angels's services qualified for coverage under the policy's "Informal Caregiver Benefit" and MOIC denied such coverage in bad faith. Barthe also argues that this court erred in finding that God's Angels did not qualify as a Home Health Care Agency under the policy. The motion is set for submission on August 1, 2018.

Barthe filed the instant motion to enforce settlement arguing that the parties entered into a binding settlement agreement on June 11, 2018, during the telephone call at 5:21 p.m. between counsel. Barthe argues that MOIC did not formally withdraw the settlement offer before she accepted it. MOIC argues that there was no settlement perfected because Lohen informed Saucier and Didriksen that this court's ruling on the motion for summary judgment motion changed the posture of the cause, and he would have to discuss it with his client before settlement could be formally reached.

## ANALYSIS

A federal court sitting in diversity applies state law to determine the validity of a purported settlement agreement. Lockette v. Greyhound Lines, Inc., 817 F.2d 1182, 1185 (5th Cir. 1987). A settlement agreement is a contract known as a compromise. See In re Raymark Indus., Inc., 831 F.2d 550, 553 (5th Cir. 1987); La. Civ. Code art. 3071. The formation of a valid contract requires: (1) capacity to contract; (2) mutual consent; (3) a certain object; and, (4) a lawful purpose. Id. at 1918, 1927, 1966, and 1971.

Under Louisiana law, "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or uncertainty concerning an obligation or other legal relationship." La. Cive Code art. 3071. To be enforceable, "a compromise must either be reduced to writing and signed by the parties or their agents, or be recited in open court and capable of transcription from the record of the proceeding." Trahan v. Coca Cola Bottling Co., United, 894 So.2d 1096, 1104 (La. 2005) (citing Lavan v. Nowell, 708 So.2d 1052, 1052 (La. 1998) (per curiam); La. Civ. Code art. 3072).

In this case, there was no written and signed settlement agreement and there was no settlement agreement recorded in open court. Therefore, under Louisiana law, there was no settlement agreement, and Barthe's motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Settlement (Doc. #85) is **DENIED**.

New Orleans, Louisiana, this 19th day of July, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**